[No. 9730.  In Bank. — January 28, 1886.]

G. W. B. McDONALD, Administrator, etc., of HENRY
S. BURTON, Deceased, Appellant, *v.* MARIA A.
BURTON, Appellant, and WALLACE LEACH
et al., Respondents.

Mexican Grant — Confirmation and Patent to Heirs of Claimant —
Action to Subject Land to Administration. — The land in question
was originally acquired under a Mexican grant for the confirmation of
which proceedings had been instituted by one Burton as the owner and
claimant.  Pending the proceedings, Burton died, and his widow and
children were thereupon substituted in his place, and the proceedings
were continued in their names as his heirs.  The order of substitution,
together with the decree of confirmation, and the patent from the United
States, described them as his heirs and legal representatives.  They sub-
sequently mortgaged the land in their own names, and the respondents
acquired it from the purchaser at a foreclosure sale under the mortgage.
The action was brought by the administrator of the estate of Burton to
subject the land to administration, and to compel the respondents to
make restitution thereof to his estate.  It was alleged in the complaint
that the land was required in order to pay certain claims against the
estate.  *Held*, that the action could be maintained, and that the right
to maintain it was not affected by the staleness of the claims.

Id. — Trust — Notice to Subsequent Purchasers. — *Held further*, that the
patentees from the United States took the land in trust for the estate of
Burton, and that the record of the proceedings for confirmation was
notice to the respondents of the trust.

Id. — Proceeding for Sale of Land — Estoppel. — On the trial, the re-
spondents offered in evidence, as a bar to the right of the plaintiff to
maintain the action, certain proceedings in the matter of the estate of
Burton for the sale of the land in question.  *Held*, that the proceedings
were not a bar.

Id. — Homestead — Ejectment — Judgment. — The respondents further of-
fered in evidence, as a bar to the homestead right of Maria A. Burton in
the land in question, a judgment in ejectment against her.  The home-
stead was set apart to her, by an order of the court made in the matter
of the estate of Burton, subsequent to the date of the judgment.  *Held*,
that the judgment was not a bar.

Appeal from a judgment of the Superior Court of San
Diego County, and from an order refusing a new trial.

The facts are stated in the head-notes and opinion of
the court.

*Conklin & Hunsaker*, and *Works & Titus*, for Appellants.

*Graves & Chapman*, and *Leach & Parker*, for Respondents.

Morrison, C. J.—This is a suit by G. W. B. McDonald, administrator of the estate of Henry S. Burton, deceased, brought to subject certain real estate situate in the county of San Diego, and known as the Rancho Jamul, to administration, the legal title thereto being, as is alleged, out of the estate. The amended complaint alleges that Henry S. Burton died intestate on the fourth day of April, 1869, and that the plaintiff was duly appointed his administrator on the sixth day of February, 1870. That Henry S. Burton purchased the Rancho Jamul from Bonifacio Lopez and others in the year 1853, built a house and resided thereon with his family from the year 1853 down to the time of his death. That he instituted the proper proceedings to procure a confirmation of the title to said rancho, and was the real party prosecuting such proceedings to obtain a confirmation of the grant thereof; that on the twenty-seventh day of September, 1870, the United States District Court made the following order in the case: "It appearing to the court that the said Henry S. Burton died seised and possessed of the said Rancho Jamul, having purchased the same in his lifetime, it is ordered that the motion to substitute the names of Maria A. Burton, widow, and Nellie Burton and Henry H. Burton, children of said Henry S. Burton, deceased, be granted, and thereupon the cause proceed in the names of said heirs."

That Maria Burton, the widow, and Nellie and Henry H., children, became parties to such proceeding for the confirmation of the rancho as the heirs of Henry S. Burton, deceased, and not as the personal claimants of said rancho, and the same was confirmed to them as such heirs and legal representatives by the United States District Court of California. That in pursuance of such

confirmation, a patent to said rancho was issued to them as the heirs of said Henry S. Burton on the twenty-sixth day of October, 1876.

The complaint proceeds to allege that claims against the estate have been duly allowed in the process of administration against said estate, which remain unpaid, and that the expenses of administration will amount to a large sum of money, to wit, about three thousand dollars.

It further appears from the complaint that on the 31st of December, 1872, the defendants, Maria A. Burton, Nellie Burton, and Henry H. Burton, executed a mortgage to one Maurice Dore, whereby they mortgaged all their right, title, and interest in and to said rancho, as security for the payment of ten thousand dollars; that on the twenty-fourth day of December, 1877, said Dore commenced his suit to foreclose said mortgage; that on the twenty-second day of December, 1880, said rancho was sold under a decree of foreclosure in said suit, and on the twenty-fourth day of June, 1881, a deed thereto was executed by the sheriff of San Diego County to one Henry Ingraham, to whose rights the defendants, Wallace Leach and John G. Capron, succeeded in the month of April, 1883.

The complaint alleges that the defendants Leach and Capron have wrongfully taken possession of the rancho, and now claim the same under the mortgage and foreclosure sale aforesaid, and prays that it may be decreed and adjudged that the Rancho Jamul is the property of the estate of Henry S. Burton, deceased, subject to administration as such; that a trust be duly declared in and to said property, and that restitution thereof be duly awarded to the plaintiff, as administrator of the estate of Henry S. Burton, deceased.

To the complaint the defendants Leach and Capron interposed a demurrer, which, being overruled, they filed an answer denying all right and interest in the estate in

and to the rancho, denying that Henry S. Burton ever purchased the same and entered into the possession thereof, or improved the same, or lived thereon with his family or otherwise, and asserting title thereto under the mortgage aforesaid, and the subsequent foreclosure proceedings in the District Court. By the answer, all the facts material to the maintenance of plaintiff's case are denied generally and specifically, and title in the defendants claimed and asserted.

Several other defenses are set up by the defendants, such as the statute of limitations, former judgments of the courts, etc. The defendant Maria A. Burton sets up a homestead to a portion of the property in dispute, set apart to her by the Superior Court of San Diego County, sitting in probate, on the twenty-seventh day of June, 1883.

Bonifacio Lopez and others, under whom Henry S. Burton, deceased, claimed title under a contract of sale entered into by them with Juan Foster, pretending to act as the agent of one Pio Pico, who was the grantee of the rancho from the Mexican government, which contract was made on the 25th of January, 1851, without authority from said Pio Pico, but the contract of sale was ratified, approved, and confirmed by said Pico, on the first day of August, 1870,

On the second day of June, 1870, Pio Pico, without any consideration therefor, executed a deed conveying the rancho to Maria A. Burton, which conveyance was lost, and on the twenty-fourth day of June, 1870, he executed another deed to the same party for the same land in lieu of the lost deed.

In this deed it was expressed that "Maria A. Burton, her heirs and assigns, are to have and hold said rancho to and for her and their benefit, and for none others." This second deed was duly recorded on the second day of July, 1870.

During this time there were proceedings pending in

the United States District Court in the name of Pio Pico, the grantee of the Rancho Jamul from the Mexican government, to procure a confirmation of the title by the authorities of the United States, and on the twenty-first day of September, 1870, the following order was made and entered in said case: —

"The United States *v.* Pio Pico.

"This day came Maria A. Burton, widow, and Nellie Burton and Henry H. Burton, children and heirs of Henry S. Burton, deceased, by their attorney, John J. Williams, Esq., and moved the court that their names be substituted on the record as claimants herein, in the place of the name of Pio Pico; and it appearing to the court that the said Henry S. Burton died seised and possessed of the said Rancho Jamul, having purchased the same in his lifetime, —

"It is ordered that said motion be granted, and that this cause hereafter be conducted and proceed in the names of the said Maria A. Burton, Nellie Burton, and Henry H. Burton, as the claimants of the said Rancho Jamul.          Ogden Hoffman, District Judge."

On the twenty-first day of September, 1870, it was ordered by the court, "that a decree be entered in the cause in favor of the claimants, in accordance with the opinion this day filed herein."

The opinion of the court does not appear in the transcript.

On the twenty-sixth day of August, 1870, an order was entered by the court in the said case of *The United States* v. *Pio Pico*, in which Maria A. Burton moved for the vacation of an appeal previously taken in the case to the Supreme Court of the United States, in which it is recited:—

"And it further appearing that the real claimant herein is General Henry S. Burton, formerly of the United States army, now deceased, who, while prosecuting his claim in the name of the original grantee, was

ordered East, and in the late Civil War lost his life in the cause of his country, and that therefore no negligence or laches can justly be imputed to him in the failure to prosecute his claim with diligence, and in presenting the evidence necessary to establish its validity. And it further appearing that the said Henry S. Burton died, leaving him surviving the said Maria A., his widow, and two children, Nellie Burton and Henry H. Burton, his sole heirs at law. . . . . Now, therefore, it is hereby ordered that the said order granting an appeal as aforesaid be vacated, and that the said decree rejecting the said claim be set aside, and that a rehearing herein be granted, with leave to introduce further testimony in support of said claim and title.

"Ogden Hoffman, District Judge."

It appears from this order that proceedings to obtain a confirmation of the grant to Pio Pico were instituted by Henry S. Burton; that there was an adverse decision of the District Court in the case; that an appeal therein was allowed and taken to the Supreme Court of the United States; that the order allowing the appeal was vacated, a rehearing granted, and a subsequent confirmation of the title to the claimant.

The cause in which such confirmation was had is entitled, *The United States* v. *Maria A. Burton, Nellie Burton, and Henry H. Burton, widow and heirs of Henry S. Burton, deceased* (transcript, p. 143), and the confirmation is to them as the "legal representatives of the said Henry S. Burton, deceased."

Under and by virtue of said confirmation, a patent was duly issued, on the twenty-sixth day of October, 1876, to Maria A. Burton, Nellie Burton, and Henry H. Burton, widow and heirs of Henry S. Burton, deceased.

On the nineteenth day of September, 1879, Maria Burton petitioned the Probate Court of San Diego County, in which the proceedings for the administration of the estate of Henry S. Burton, deceased, were pending, to set

apart to her a homestead out of said rancho, which petition was granted, as hereinabove stated.

On the ninth day of July, 1884, the court below rendered its judgment as follows:—

"Now, therefore, it is ordered, adjudged, and decreed by the court, that the plaintiff, G. W. B. McDonald, administrator of the estate of H. S. Burton, deceased, take nothing by this action, and that the defendant, Maria A. Burton, take nothing by her cross-complaint herein, and is not entitled to any homestead in the real property described in the complaint or cross-complaint."

From this judgment an appeal is prosecuted to this court by the plaintiff, G. W. B. McDonald, and the defendant, Maria A. Burton.

It will be seen that the principal cause of contention is the ownership of the Rancho Jamul. The court below held in effect that it was the property of Maria A. Burton and her two children; that the mortgage from them to Dore was good and valid, and that the legal title passed by the foreclosure proceedings, and became vested in the defendants Leach and Capron. On the other hand, it is claimed that there was no title in Maria A. at the time, but that the proceedings for the confirmation of the grant was for the benefit of the estate of Henry S. Burton, deceased. It is as the representative of that estate that the plaintiff claims the property, and seeks by this proceeding to subject it to administration. We think it sufficiently appears from the proceedings in the United States District Court that they were for the benefit of the estate. Maria A. Burton is referred to therein as the widow, and Nellie Burton and Henry H. Burton as the heirs, of Henry S. Burton, and in the order of the court dismissing the appeal to the Supreme Court, Henry S. Burton is declared to be the "real claimant," and his position as an officer in the United States army, ordered East on duty, is referred to as explanatory of any apparent laches in the prosecution of the claim. The patent

is in harmony with the proceedings for confirmation, and the proceedings for confirmation were initiated by Henry S. Burton, in the name of Pio Pico as the grantee from the Mexican government. The deed from Pico to Maria A. Burton was without consideration, and was soon afterward followed by the execution of an instrument ratifying the act of his assumed agent, Foster.

If Maria A. Burton and the children claimed the title in their own right, there was no necessity for their proceeding as the widow and children of Henry S. Burton. Everywhere in the proceedings for confirmation they are described in representative capacity, and we think the title acquired by them is held in trust for the estate.

In the case of *Soye* v. *McCallister*, 18 Tex. 97, the court says:—

"The plaintiffs, to maintain their action, rely on the conveyance from the original grantee of the government, Delgado, to themselves on the 6th of October, 1838. They insist that the deed vested in them title, exclusive of the rights of creditors of their grantor; that the land conveyed constituted no part of his estate, and consequently was not subject to sale by his administrator. And to support this view, they rely upon the evidence afforded by the face of the deed itself,—the fact that it conveys the land to the plaintiffs by name for a consideration therein expressed.

"But it is seen that, in stating the parties to the deed, the plaintiffs, though named as the grantees, are described as the 'heirs and legal representatives of John Soye, deceased.' The conveyance, being made to them as such, must be deemed *prima facie* evidence that the consideration moved from their ancestor; else why convey to them as his heirs and legal representatives? The manifest intention was not to convey to them in their own right, irrespective of their ancestor, whom they represented, but in their right in their representative character, as the heirs and representatives of their deceased

father.   The consequence is, that they took the estate as they did, whatever other estate they inherited from their ancestor, subject to the payment of his debts.   It became assets in the hands of his administrator."

It positively appears in this case that whatever consideration moved between the parties, by which the Pico title was affected, was paid by Henry S. Burton, and that Maria A. Burton paid nothing for the deed from him to her.   We think that the principle of the above case applies with full force and effect to this.   Here the confirmation was to Maria A. Burton and Nellie Burton and Henry H. Burton, widow and heirs of Henry S. Burton, deceased, clearly indicating their representative character.

The foregoing disposes of the main question in the case, but there are several other questions yet to be considered.   Defendants Leach and Capron offered certain proceedings in the Probate Court in evidence, as a bar to plaintiff's right of recovery.   There were certain applications made in that court for an order to sell the land in question for the payment of the debts, and likewise the judgment in certain actions.   We cannot understand how the plaintiff's right of recovery in this suit was affected by any of the proceedings referred to.   This is the only case, so far as the record shows, in which the questions involved in this suit have ever arisen, and by the adjudication in none of those other cases was plaintiff's right to have the property declared a portion of the estate of Henry S. Burton, deceased, and to subject it to the payment of the debts of said estate involved or adjudicated.   The legal title to the rancho has not been, and is not now, in the estate, so that an order of sale thereof by the Probate Court would be defective (*Hartley, Adm'x, etc.,* v. *Brown,* 51 Cal. 465), and the object of this proceeding is to put it in that condition.   Neither was the homestead right of Maria A. Burton affected by the judgment in ejectment against her.   Her homestead

claim did not accrue until June, 1883, and was a subsequently acquired interest. (*Estate of Burton*, 64 Cal. 428; *Estate of Moore*, 57 Cal. 437.)

The matter set up as a defense, that the claims allowed by the administrator of the estate of Henry S. Burton, deceased, were stale claims, constituted no reason why this proceeding should not be sustained, and the property declared a portion of the estate. The administrator has a right to administer it as a portion of the estate, without reference to the staleness of the claims.

On the question of notice, actual or constructive, to the purchasers under the mortgage from Maria A. Burton we have no doubt. The records in the case show the representative character of her claim, and of these records all parties were bound to take notice. (*Sherman* v. *McCarthy*, 57 Cal. 514.)

The findings in this case cover more than one hundred pages. They embrace many matters which are evidence only, which should not appear in the findings. Facts, not evidence of facts, are the staple of findings. The statute directs facts to be found and conclusions of law evolved by the application of the rules of law to the facts so found. (Code Civ. Proc., sec. 633.) We have endeavored to separate from the facts found the portion which should not be in the findings, regarding such portion as surplusage, and having done so, have decided the case on the facts as stated in the opinion, which we deem to be found. On such facts this opinion is rested. But in so doing we feel bound to express our disapproval of the course pursued in this case as to the findings, and invite the special attention of the judges of the Superior Courts to the statute requiring them to find the facts, not evidence of facts. This court is not competent to deduce conclusions of facts from evidence. To do that would be the assumption of original jurisdiction, committed by the constitution to the Superior Court, and denied by the same instrument to this court.

The judgment and order are reversed, and the cause remanded for a new trial. On such new trial there will be proper adjudication as to the homestead.

MYRICK, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.

McKEE, J., concurred in the judgment.

Rehearing denied.