[No. 12955.   In Bank. — June 19, 1889.]

HENRY H. BURTON, ADMINISTRATOR, ETC., RESPOND-
ENT, v. MARIA A. BURTON, RESPONDENT, AND
MAGGIE LEACH, EXECUTRIX, ETC., AND JOHN G.
CAPRON, APPELLANTS.

APPEAL — LAW OF CASE. — Upon a second appeal, questions determined
upon a former appeal will not be reconsidered, in so far as the case pre-
scuted upon the second appeal conforms substantially to that presented
upon the former appeal.

MEXICAN GRANT — PATENT TO WIDOW AND HEIRS — ESTATE OF DECEDENT.
— TRUST — DEED TO WIDOW CONFIRMING TITLE — CONSIDERATION. —
When the claimant of a Mexican grant dies pending proceedings in the
United States courts to procure a patent, and his widow and heirs are
substituted upon the record, and obtain a patent to them as widow and
heirs of the deceased, the patent so obtained is held by them in trust as
the property of the estate of the decedent, and may be subjected to
the administration of his estate; and a deed from the original Mexican
grantee to the widow, executed before the patent issued, which was de-
signed to confirm title which had been vested in the decedent through a
deed from the agent of the Mexican grantee, which deed had been rati-
fied by him as principal, without further claim on his part to the prop-
erty, is taken by the widow in her representative capacity as trustee for
the estate. It is immaterial whether such deed was executed with or
without consideration.

ESTATES OF DECEASED PERSONS — ACTION TO SUBJECT TRUST PROPERTY TO
ADMINISTRATION — MEASURE OF EQUITABLE RELIEF — DISCRETION. —
When, during the administration of an estate, an equitable action must be
brought to subject to administration trust property held by others, it is
doubtful whether the court has the power to take the entire administra-
tion away from the usual probate jurisdiction; and it is not an abuse of
discretion for the court, after determining that the property is subject to
administration, to leave the administration and settlement of the estate
to the tribunal in which they were pending.

FINDINGS — STATUTE OF LIMITATIONS. — Findings of fact and of law should
be separately stated; but when all the material issues are passed upon,
it is not ground of reversal that a finding of fact as to the statute of limi-
tations is placed under the heading of conclusions of law.

APPEAL from an order of the Superior Court of San
Diego County denying a new trial.

The principal facts are stated in the opinion of the
court. The defendants Leach and Capron claimed title
under foreclosure of a mortgage executed by the widow

and heirs after the patent was obtained. (See statement of facts in the opinion of the court in *McDonald* v. *Burton,* 68 Cal. 445.)

*Collier & Haines, Welborn, Parker & Stevens,* and *Chapman & Hendrick,* for Appellants.

The order setting apart the homestead did not affect the title. (*Estate of Burton,* 63 Cal. 36.) The title passed under the mortgage sale, as against the widow, and any title acquired by her under the homestead order passed to Capron and Leach. (Civ. Code, secs. 2926–2930; *Christy* v. *Dana,* 34 Cal. 548; *Vallejo Land Ass'n* v. *Viera,* 48 Cal. 572.) Patent to a person as executor or administrator vests title in him personally, which he may pass by mortgage or otherwise. (*Bonds* v. *Hickman,* 32 Cal. 202; *Christy* v. *Fisher,* 58 Cal. 256.) The finding on the plea of the statute of limitations is insufficient, being placed among the conclusions of law. (Code Civ. Proc., sec. 633.) The complaint stating no cause of action, the decision and conclusions of law in favor of plaintiffs were against law. (*Valencia* v. *Couch,* 32 Cal. 343, 344; *Harmon* v. *Ashmead,* 60 Cal. 441, 442; *Lothian* v. *Wood,* 55 Cal. 163, 164; *Simmons* v. *Hamilton,* 56 Cal. 495, 496.) On death of an ancestor, title passes to the heir or devisee, and an administrator is not entitled to have the property conveyed to him. (*Janes* v. *Throckmorton,* 57 Cal. 387.)

*Conklin & Hunsaker,* and *Harry L. Titus,* for Respondents.

The effect of the transactions of the parties was decided upon the former appeal. (*McDonald* v. *Burton,* 68 Cal. 453.) The mortgages by the widow and heirs were of the right, title, and interest of the mortgagors, and could not reach an after-acquired title. (*Gee* v. *Moore,* 14 Cal. 472; *Barrett* v. *Birge,* 50 Cal. 655; *Estate of Moore,* 57 Cal. 437.) The right to a probate homestead is not the

subject of conveyance, and could not be affected ·by the previous mortgage. (*Estate of Moore,* 57 Cal. 437.) A court of equity in this state has not the jurisdiction to assume the whole settlement of an estate which is being administered in the proper probate jurisdiction. (*Hope v. Jones,* 24 Cal. 93; *Gurnee* v. *Maloney,* 38 Cal. 87; *Auguisola* v. *Arnaz,* 51 Cal. 438; *Allen* v. *Tiffany,* 53 Cal. 17; *Chaquette* v. *Ortet,* 60 Cal. 600; *Estate of Hudson,* 63 Cal. 454; *In re Allgier,* 65 Cal. 228; *Chaver* v. *Perea,* 2 Pac. Rep. 73; *Dodson* v. *Nevitt,* 5 Mont. 518; Pomeroy's Eq. Jur., sec. 235.) It is only in extraordinary cases that equity will take jurisdiction to settle an estate. (*Siddall* v. *Harrison,* 73 Cal. 560; *Wood* v. *Johnson,* 13 Ill. App. 548; 3 Pomeroy's Eq. Jur. 102–105.)

McFARLAND, J.—This action was brought to have.it adjudged and decreed that a certain tract of land known as the Rancho Jamul is the property of the estate of Henry S. Burton, deceased, and subject to the administration thereof, and that the legal title thereto, held by either of the defendants, is held in trust for said estate, etc. The defendant Maria A. Burton (widow of said deceased) admitted all the allegations of the complaint, and set up by way of cross-complaint that she was entitled to a certain particularly described part of said rancho as a homestead, which had been set apart to her by the probate court. The defendants Leach and Capron denied most of the averments of the complaint, set up certain special defenses, and prayed that plaintiff take nothing by the action, and that their title to the premises be forever quieted as against the plaintiff. The court, sitting without a jury, rendered judgment for plaintiff against Leach and Capron, but awarded the defendant Maria A. Burton her homestead. Leach and Capron appeal, as against both plaintiff and defendant Maria A. Burton, from orders denying a new trial.

The case was before this court on a former appeal from

a judgment in favor of the present appellants. (*McDonald* v. *Burton*, 68 Cal. 445.) On that appeal nearly every question in the case was determined in favor of the respondents herein and against the appellants herein; and we shall not enter again upon the discussion of the matters thereby definitely settled. The former appeal, it is true, was from the judgment alone, and the decision on appeal was based mainly on the findings, while the present appeal, being from an order denying a new trial, presents the question of the sufficiency of the evidence to support the findings. And consequently the arguments of appellants are addressed mainly to the point that the evidence does *not* justify a large number of the findings. The findings are numerous and the evidence voluminous, and it would serve no useful purpose to review the evidence here in detail. It is enough to say that in our opinion there is sufficient evidence to support each finding of the court. This being so, there is no substantial difference between the case as presented now and as presented at the former appeal, except as hereinafter mentioned.

On the former appeal it appeared that a certain deed, executed by Pio Pico to the defendant Maria A. Burton, was without consideration, while on the present appeal that want of consideration does not affirmatively appear; and counsel for appellants contend that this difference is material. But we do not think so. Pico was the original grantee of the rancho from the Mexican government, and his agent, Foster, sold it to certain parties, through whom the title came to Henry S. Burton, deceased. Pico ratified the sale, and never afterward claimed the property. While said Burton was prosecuting proceedings in the United States courts to procure a patent, he died. Afterward his widow, Maria A. Burton, defendant herein, and his children, Nellie and Henry H. Burton, heirs of said deceased, were substituted on the record as claimants for the patent. In due time a patent issued to said last-

named persons, "widow and heirs of H. S. Burton, deceased."

Now, the whole theory of this case, as established on the former appeal, is, that the widow and children took the patent, not in their individual capacity, but as representatives of the estate of Burton, deceased, and that the rancho continued to be the property of said estate. Now, when Pico made his deed of the rancho, above noticed, to Maria A. Burton (which was made before the patent issued), he made it, as the court finds, "to confirm the claim of title 'to the heirs of General Henry S. Burton.'" And whether Pico executed the deed with or without consideration, Mrs. Burton took it in her representative capacity and as trustee for the estate.

The point that the complaint does not state a cause of action, if it could be raised on a motion for new trial, was settled on the former appeal.

The contention of appellants that the court erred in ruling out certain evidence rests upon the proposition that in this equitable action the court not only had jurisdiction, but was bound by its duty to settle the whole estate of Henry S. Burton, deceased; to pass upon all disputed claims against it; to examine and adjudicate the accounts of all its administrators; and to proceed to the final distribution of the estate, and the winding up of the entire administration. When, during the administration of an estate, it is necessary to call in the aid of a court of equity to accomplish some particular thing, it is, perhaps, a doubtful question whether such court has the power to take the entire administration away from the usual probate jurisdiction; and it is not necessary here to decide that question. Certainly, it has not been settled that in all such cases the court *must* assume such jurisdiction. The purpose of the bill, in the case at bar, was to have it adjudged that the Rancho Jamul is the property of the estate of Burton, deceased, and subject to the administration thereof; and the court, after having

determined that issue, cannot be held to have abused its discretion because it did not proceed to settle the estate and close the administration.   It had the right, under the facts of this case at least, to allow those matters to reach their natural termination in the tribunal and proceeding in which they were pending.

The finding on the issue of the statute of limitations was sufficient.   Findings of fact and of law should, of course, be separately stated, but the mere fact that one finding was placed under the wrong heading would be a very feeble reason for the reversal of a judgment.   And in other respects we think that the findings are amply full and responsive to all the material issues.

We see nothing to invalidate that part of the judgment which awards to the respondent Maria A. Burton her homestead.   Her right to the homestead is substantially the same as it was at the former appeal.

The orders appealed from are affirmed.

PATERSON, J., SHARPSTEIN, J., BEATTY, C. J., and THORNTON, J., concurred.

WORKS, J., did not participate in the decision of the above cause.