[No. 14153.    Department Two. — December 11, 1891.]

A. MILLER, APPELLANT, *v.* JOHN B. HICKEN, DEFENDANT, MILAN JOHNSON ET UX., DEFENDANTS AND RESPONDENTS, AND R. WITTENBROCK, INTERVENER AND RESPONDENT.

MORTGAGE — SATISFACTION — DESCRIPTION OF PREMISES — RELEASE OF LIEN. — A written instrument duly executed, acknowledged, and recorded, which acknowledges that a mortgage therein described is fully paid, satisfied, and discharged, and which gives the date of the mortgage, the name of the parties to it, and the date, place, book, and page of its record, operates as a full discharge of the mortgage referred to, and a release of its lien upon all the land embraced in it, although the instrument contains a description of the mortgaged premises, which omits a portion of the land described in the mortgage.

ID. — REGISTRY — NOTICE — RIGHTS OF PURCHASER. — A party dealing with land is bound by the record, and is entitled to any rights which may accrue to him under it, and his position with reference to it is the same, whether or not he examines it himself.

ID. — MISTAKE IN RELEASE OF PRIOR MORTGAGE — BONA FIDE PURCHASER — ASSIGNEE OF SUBSEQUENT MORTGAGE TO MORTGAGOR. — A purchaser from a mortgagor, who has paid a large part of the purchase-money and given his note and mortgage for the balance to the mortgagor, is protected as a *bona fide* purchaser for value from a mistake in the release of

a prior mortgage upon the premises of which he had no notice, and an assignee for value of the subsequent mortgage who takes without notice of the mistake is likewise protected against it.

ID. — ASSIGNMENT OF MORTGAGE — HYPOTHECATION OF NOTE — RIGHTS OF ASSIGNEE. — A written assignment by a mortgagee by a separate instrument duly acknowledged and recorded, purporting to sell, assign, and transfer the mortgage, together with the note described therein, and authorizing the assignee, with whom the mortgage had been previously deposited as security, to collect and enforce it by action, vests title to the note and mortgage in the assignee from the date of the assignment, if not from the date of the deposit of the mortgage, subject only to the lien of a third person, to whom the note had been previously hypothecated, and complete as against all other persons; and the assignee, upon satisfying the pledge of the note, may foreclose the mortgage.

ID. — CONSTRUCTIVE NOTICE — FINDING — CONCLUSION OF LAW. — When the want of constructive notice to a *bona fide* purchaser for value follows from the facts found, it is immaterial that the court did not make an express conclusion of law to that effect.

APPEAL — SUFFICIENCY OF FINDINGS — IMMATERIAL ERRORS. — Where the findings are sufficient to cover all the material issues and sustain the judgment, the omission to find specifically upon immaterial matters, or immaterial errors not affecting the merits of the case established by the findings, will be disregarded upon appeal.

APPEAL from a judgment of the Superior Court of Placer County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Fulweiler,* and *F. P. Tuttle,* for Appellant.

*Wallace & Prewett,* and *Wallace & Wallace.* for Defendants and Respondents.

*S. Solon Holl,* and *Taylor & Holl,* for Intervener and Respondent.

McFARLAND, J.—This action was brought by plaintiff to foreclose a mortgage executed to him by defendant Hicken July 1, 1881, to secure a note for twelve thousand dollars and interest, upon the southeast quarter and the west half of section 2, township 11 north, range 5 east, Mount Diablo base and meridian. Johnson and wife were made defendants, as claiming some interest in the land; and they answered, averring that on January 11, 1888, plaintiff had released and discharged said mort-

gage; that afterwards they purchased the land from Hicken; and that they are owners and in possession of the land, unencumbered by the alleged mortgage of plaintiff. Wittenbrock intervened, also averring the release and discharge of said mortgage, and alleging further, that when Johnson purchased from Hicken he gave to the latter, to secure part of the purchase-money, a mortgage on the land for the sum of six thousand two hundred dollars, and that afterwards intervener loaned money to Hicken, and took said mortgage from Johnson as security. He prayed that his mortgage be decreed to be superior to that of plaintiff, and that it be foreclosed. Hicken made default. Plaintiff alleged, in an amended complaint, that the release was made by mistake, and asked to have it reformed. The court found in favor of the intervener, and Johnson and wife, finding, however, that the release was made through mistake, and decreed that the mortgage held by intervener be foreclosed, that the surplus, if any, after sale be paid to Johnson, and that plaintiff take nothing by his action. Plaintiff appeals from the judgment, and from an order denying a new trial.

There are a number of points made by appellant; but the first and main question in the case is, whether or not a certain written instrument, duly executed and acknowledged by plaintiff on January 11, 1884, and duly filed and recorded the next day, was a full and operative release and discharge of said mortgage from Hicken, which is the basis of this action. The said mortgage embraced not only the said southeast quarter and west half of said section 2 in township 11, but also several other parcels of land, and the said instrument is as follows: —

"Know all men by these presents, that I, Alexander Miller, of El Dorado County, state of California, do hereby certify and declare that a certain mortgage, bearing date the first day of July, 1881, made and executed by John B. Hicken, of Placer County, state of California, the party of the first part therein, to Alexander Miller, the party of the second part therein, conveying the north

half of the southwest quarter, and fractional northwest quarter of section 1, and the southeast quarter of section 2, and fractional east half of section 3, and the fractional north half of section 2, all in township 10 north, range 5 east, Mount Diablo base and meridian, and situate in Placer County, California, as security for the payment to said Alexander Miller of a certain sum of money specified in said mortgage and recorded in the office of the county recorder of the county of Placer, in book M of mortgages, on page 635, on the second day of July, 1881, together with the debt thereby secured, is fully paid, satisfied, and discharged.

"In witness whereof I have hereunto set my hand and seal the eleventh day of January, 1884.

[Seal]                         "ALEXANDER MILLER."

It is contended that the land in contest was not discharged from the lien of the mortgage, because it was not mentioned in said instrument. But the language used in the instrument clearly operated as a full satisfaction of the entire mortgage referred to, and there can be no doubt as to the mortgage intended to be discharged. The description in the instrument leaves no question as to the identity of the particular mortgage described. It gives the date of the mortgage, the parties to it, the time and office where and when it was recorded, and the book and page on which it was so recorded. We think, therefore, that the instrument in question was a discharge of the mortgage thus identified, and a release of its lien upon all the land embraced in it.

We see nothing in the point that Johnson, at the time of his purchase, did not himself examine the record, but chose to rely on the representation of another person that the land was not encumbered. A party dealing with land is bound by the record, and is entitled to any rights which may accrue to him under it; and his position with reference to it is the same, whether or not he examines it himself.

Neither do we see any point in the objection made to the method of the assignment and transfer to the inter-

vener of the mortgage from Johnson to Hicken, and to the finding of the court on that subject. The intervener, Wittenbrock, made the loan through his agent, L. S. Taylor. He first, through Taylor, loaned Hicken fifteen hundred dollars, in April, 1886, and at that time Hicken deposited the mortgage with Taylor as security· It had then attached to it what Taylor supposed to be the original note described in the mortgage. On January 31, 1887, Wittenbrock, through Taylor, advanced to Hicken a further sum of money, which, added to the fifteen hundred dollars, made three thousand dollars; on which day Hicken, by a separate instrument, duly executed and acknowledged (and recorded February 2, 1887), sold, assigned, and transferred to Wittenbrock the said mortgage, together with the promissory note described therein, authorizing him to collect and enforce it by action, etc. Afterwards, some time in the spring of 1887, Taylor discovered that the note attached to the mortgage, which he had kept in his possession, was only a copy, and that the original note was in the possession of one Oppenheim, to whom it had been hypothecated by Hicken to secure the sum of about twelve hundred dollars, loaned by the former to the latter; whereupon Taylor entered into negotiations with Oppenheim, and procured from him the said original note. Therefore, from at least the date of the written assignment (January 31, 1887), which was before the filing of the amended complaint, and probably from the first deposit of the mortgage and supposed note with Taylor in April, 1886, the title to the note and mortgage vested in Wittenbrock, subject only to the lien of Oppenheim, and complete as against all other persons. We do not think, therefore, that any question arises under the doctrine of *lis pendens.*

Johnson, having actually paid to Hicken a large part of the purchase-money, and given his promissory note and mortgage for the balance, was clearly a purchaser " for a valuable consideration "; and the court finds that neither

Johnson nor Wittenbrock had notice of the mistake in the said discharge of said mortgage, and believed that no encumbrance existed upon the land, except the said mortgage given by Johnson.

The evidence was sufficient to support the findings, and we see no *want* of a finding of a necessary or material fact. It is objected that the court did not find in terms that the defendants and intervener had not "constructive" notice of plaintiff's mortgage; but that followed from the facts found, and it is immaterial that the court did not make an express "conclusion of law" to that effect. It is also contended that the court should have found the exact amount unpaid upon plaintiff's mortgage, instead of saying that it was "about ten thousand dollars"; but as between appellant and respondents, that was an immaterial matter. And it is contended that the finding that plaintiff "did not intend to release" the mortgage is not specific enough as a finding that the release was made by mistake; but the judgment went upon the theory that there was such mistake, and the result would have been the same, no matter how clearly the mistake had been stated in the finding. The findings covered all the material issues.

The exceptions to rulings of the court regarding the admissibility of certain testimony need not be discussed, because it mattered not whether the proposed testimony was admitted or rejected. It was of no consequence in the case whether or not Hicken told Johnson that the title was clear, or whether or not Johnson was at any time in Auburn and might have examined the records.

It was immaterial that plaintiff afterwards made another partial release of the mortgage; and moreover, Johnson had purchased before that occurred.

Whether or not the court below should have given plaintiff a personal judgment against Hicken for the amount of the note is a question that does not arise on this appeal.

We see no other points which need special notice. It

is no doubt a hardship for plaintiff to lose part of his money, but we see no legal relief.

Judgment and order affirmed.

DE HAVEN, J., and SHARPSTEIN, J., concurred.

Hearing in Bank denied.