JAMES GADSDEN, APPELLANT, v. WILLIAM LATEY ET AL., IMPLEADED WITH ALVIN SAUNDERS, APPELLEE.

FILED OCTOBER 2, 1894.     No. 5477.

**Mortgage on Lands in Different Counties:** SUFFICIENCY OF RELEASE. A mortgage was made on lands in Dodge, Douglas, and other counties. Subsequently an instrument was executed and delivered by the mortgagee, reciting the execution of the mortgage and describing it, but reciting that it conveyed the Dodge county lands, describing the same, but making no reference by description to the other land. The instrument then proceeded as follows: "I do hereby acknowledge that the said mortgage and the note accompanying the same is redeemed, paid, and satisfied, and I do hereby release all my claim to the premises covered by said mortgage, and do release and quitclaim unto [the mortgagors], their heirs and assigns forever, the premises covered by said mortgage, and do release all obligations due me by virtue of said note and mortgage." This instrument was

acknowledged and was recorded in Dodge county, but not in Douglas. Subsequently an action was brought to foreclose the mortgage on the Douglas county land against one who had purchased after the execution of the release, but without notice thereof. *Held*, (1) That the release extended to all land described in the mortgage, and was not restricted to the particular tract described in the recital; (2) that, in the absence of allega-. tions and proof of fraud or mistake, it operated to discharge the whole mortgage.

APPEAL from the district court of Douglas county. Heard below before DOANE, J.

*E. T. Hodsdon* and *Joseph Crow*, for appellant.

*Saunders, Macfarland & Dickey* and *John L. Webster*, contra.

IRVINE, C.

Gadsden brought this action in the district court of Douglas county to foreclose a mortgage executed by the defendants Latey and Benson to one Alfred Stedman to secure a note for $5,000. The mortgage covered a large amount of property situated in the counties of Douglas, Dodge, Colfax, and Stanton; but the petition described only property in Douglas and Stanton counties. Stedman and Gadsden were partners as bankers when the note and mortgage were executed. Soon after their execution the note was transferred to the partnership and thereafter to a banking corporation, which succeeded the partnership. On the day of the maturity of the note it was again transferred to Gadsden. On the 10th of April, 1888, Latey and Benson conveyed a portion of the mortgaged property to Alvin Saunders. Saunders answered setting up several defenses, to only one of which attention need be directed. He pleaded that the note had been paid and the mortgage satisfied, and, further, that the mortgagee had executed and delivered a release thereof. There was a general finding for Saunders and a decree canceling the mortgage on the

13

land conveyed to him.  From this decree Gadsden appeals.
The release referred to was as follows:

"Know all men by these presents, that whereas William
Latey and wife and William V. Benson and wife on the
23d day of September, 1887, by a certain indenture of
mortgage did convey to me certain premises, to-wit, the east
half northwest quarter and the west half northeast quarter
section five (5), township seventeen (17) north, of range
six (6) east of the 6th P. M., in the county of Dodge and
state of Nebraska, which said mortgage was filed for record
in the office of the county clerk of Dodge county in the
state of Nebraska, on the 28th day of September, 1887, at
———— of said day, and duly recorded in Book 'W' of
Real Estate Mortgages, on page 521, and which said mort-
gage was executed and given to secure the payment of a
certain sum of money therein mentioned :

"Now, therefore, for and in consideration of the sum of
one dollar, to me in hand paid by William Latey and Will-
iam V. Benson aforesaid, the receipt whereof is hereby
confessed and acknowledged, I do hereby acknowledge that
the said mortgage and the note accompanying the same is
redeemed, paid, and satisfied, and I do hereby release all
my claim to the premises covered by said mortgage, and
do release and quitclaim unto the said William Latey and
William V. Benson, their heirs and assigns forever, the
premises covered by said mortgage, and do release all obli-
gations due me by virtue of said note and mortgage.

"In witness whereof, I have hereunto set my hand and
seal this 5th day of January, 1888.

"ALFRED STEDMAN.    [SEAL.]
"In presence of
    "T. B. CREWITT."

This release was acknowledged and recorded in Dodge
county but not in Douglas.  The reply admits that the
Dodge county land was released, but pleads that it was
intended to, and did, release only that land and not the

Douglas county land. The evidence shows that when Saunders purchased he had no notice of the mortgage except such as the law imports from its record in Douglas county, and that he did not at that time know of the release. There is some evidence tending to create an estoppel *in pais* from other facts; but as it is not shown that Saunders relied upon or even knew of the release, no equitable estoppel can be claimed by reason thereof, and the question presented is whether or not, in the absence of facts constituting an equitable estoppel, the document referred to operated to discharge the mortgage on the Douglas county land and estop the plaintiff from asserting its invalidity for that purpose.

The first question presented is as to the proper construction of the language of this instrument. The only premises expressly described are lands in Dodge county and this description is in a recital which identifies the mortgage by parties, date, and place of record. In the operative part of the instrument is the following language: "I do hereby release all my claim to the premises covered by said mortgage and do release and quitclaim unto [the mortgagors] the premises covered by said mortgage." A distinct reference to the mortgage thus incorporates the mortgage in the release (2 Devlin, Deeds, sec. 1020, and cases cited); and the language, extending generally to the land covered by the mortgage referred to, must be taken to refer to all such land, and not only to the particular tract described in the recital. On this question *Miller v. Hicken*, 92 Cal., 229, is directly in point, although there the particular description was contained in the releasing clause instead of a recital. But if there were doubt as to the construction, it would be set at rest by the following language: "I do hereby acknowledge that the said mortgage and the note accompanying the same is redeemed, paid, and satisfied, and do release all obligations due me by virtue of said note and mortgage." No language could be selected more

clearly expressing an intention to acknowledge satisfaction of the whole mortgage deed and to discharge the whole lien of the mortgage. What, then, is the legal effect of the instrument so construed? Clearly the delivery of this instrument operated, in the absence of fraud or mistake, to divest the lien of the mortgage, and must be held effective for that purpose until rescinded or reformed for such fraud or mistake. Neither fraud nor mistake is in this case pleaded, nor is any reformation asked. The reply in effect admits the instrument and puts in question merely its legal effect and construction. If reformation were sought, then the question would arise as to Saunders' notice and his *bona fides;* but as the case was presented we do not think that these questions are material. If A be the owner of land and convey to B, the deed not being recorded, and B thereafter convey to C, C takes title, although he did not investigate and did not know in fact of the conveyance from A to B. In such case A could not be heard to set up title against C on the ground that C took without notice of the fact making his title good. So here a formal deed of release was made, including even words sufficient to operate as a conveyance of the property, and, upon most familiar principles, the grantors are bound by the instrument and estopped not only by its operative part, but even by its recitals, in so far as they are particular and pertinent to the subject-matter of the instrument. (7 Am. & Eng. Ency. of Law, 7, and cases cited.) This estoppel operated in favor of the grantees in the release, and of Saunders, their privy in estate. Without regard to the other defenses and the questions arising therefrom, the foregoing considerations demanded the decree which was rendered.

JUDGMENT AFFIRMED.