## GAINSLEY v. GAINSLEY.

### Sac. No. 67; March 24, 1896.

#### 44 Pac. 456.

**Trial.**—Where the Statement of Facts Found is Distinctly Separate from the conclusions of law, though both are written on one piece of paper, there is a substantial compliance with Code of Civil Procedure, section 633, requiring that "the facts found and the conclusions of law must be separately stated."

**Trial — Conclusions of Law.**—Where the Judgment Fully Expresses the conclusions of law, and is attached to the statement of facts found, and is filed at the same time, there need not be an additional statement of the conclusions of law.[1]

**Continuance.**—A Motion for a Continuance on the Ground of defendant's sickness was supported by a certificate signed "H. H. L." To the court's question as to who L. was, defendant's attorney answered that he did not know, and did not know whether L. was a physician or not. The motion was denied, and no exception was taken.

---

[1] Cited with approval in Shurtliff v. Extension Ditch Co., 14 Idaho, 426, 94 Pac. 578, the court saying that under the Idaho statute the judge is not required to sign findings and conclusions (although it is customary) distinct from the judgment itself.

The trial proceeded, and defendant's attorney's subsequent offers to prove that L. was a regular physician were denied. No offer of competent evidence to prove defendant's sickness was made, and no delay was asked for the purpose of an examination of defendant by a physician. Held, that the motion was properly denied.

APPEAL from Superior Court, Sacramento County; A. P. Catlin, Judge.

Action by Seth Gainsley against Mamie E. Gainsley. Plaintiff had judgment and defendant appeals. Affirmed.

Hiram W. Johnson and Johnson & Johnson for appellant; Hinkson & Van Fleet for respondent.

VANCLIEF, C.—Action for divorce on the ground of adultery, in which the judgment was in favor of plaintiff. The defendant has appealed from the judgment and from an order denying her motion for a new trial.

The case was tried by the court without a jury and findings were not waived. The only written findings of fact are those prefixed to the judgment, as follows: "And the court, being fully advised in the premises, finds that the allegations of plaintiff's complaint and supplementary complaint are sustained by the testimony, and are true; and all and singular the law and the premises being by the court here fully understood and considered, wherefore it is ordered, adjudged and decreed that the marriage between the said plaintiff, Seth Gainsley, and the said defendant, Mamie E. Gainsley, be dissolved, and the same is hereby dissolved, and the said parties are, and each of them is, freed and absolutely released from the bonds of matrimony and all the obligations thereof. A. P. Catlin, Judge. Attest: W. B. Hamilton, Clerk, by E. F. Pfund, Deputy. [Seal.]" Indorsed: "Filed November 8, 1894. W. B. Hamilton, Clerk, by E. F. Pfund, Deputy."

1. No objection is made on the ground that the facts as found do not warrant the judgment, but it is contended for appellant that they are not stated separately from the conclusions of law. But I think the statement of facts found is as distinctly separate from the conclusions of law as if it had been written on a separate paper, and, in this respect, is in substantial compliance with section 633 of the Code of Civil Procedure. As to intermixture of law and facts in find-

ings, see Millard v. Supreme Council, 81 Cal. 340, 22 Pac. 864; Burton v. Burton, 79 Cal. 490, 21 Pac. 847.

2. It is further contended that there are no written conclusions of law distinct from the judgment itself, and that, for this reason, the judgment cannot stand. In this case the judgment fully expresses the conclusions of law, and, having been attached to the statement of facts found and filed at the same time, there was no necessity for any other statement of the conclusions of law. All that is required is that "the facts found and the conclusions of law must be separately stated" (Code Civ. Proc., sec. 633) ; although it is true that a statement of the conclusions of law generally precedes the rendition of a final judgment, in which case it is provided that the judgment must accord with the preceding conclusions of law; but, except in cases of this kind, I can imagine no reason why the conclusions of law should be twice stated in the same case. It is well settled that the findings of fact and conclusions of law constitute the "decision" of the court, but this does not preclude the inclusion of the conclusions of law in the judgment alone, in case the judgment is drawn and filed at the same time that the findings of fact are drawn and filed. In such case, an additional statement of the conclusions of law would be superfluous. In Miller v. Hicken, 92 Cal. 230, 28 Pac. 339, this court said: "It is objected that the court did not find, in terms, that the defendants and intervener had not 'constructive' notice of plaintiff's mortgage; but that followed from the facts found, and it is immaterial that the court did not make an express 'conclusion of law' to that effect." Whether or not the judgment in that case was erroneous depended upon the effect of the recordation of the mortgage and an alleged discharge thereof, as constructive notice to defendants. If, therefore, constructive notice, effected by our registration laws, is a conclusion of law, as seems to have been correctly assumed in the above quotation, that case authorizes the views above expressed. And it seems to be well settled that constructive notice, which is imputed by law, is a conclusion of law and not a fact: Birdsall v. Russell, 29 N. Y. 249; Drey v. Doyle, 99 Mo. 459, 12 S. W. 287; Jordan v. Pollock, 14 Ga. 156; Johnson v. Dooly, 72 Ga. 299; 16 Am. & Eng. Ency. of Law, pp. 791, 792, and authorities there cited; Anderson's Law Dictionary; Black's Law Dictionary. What is here said is limited to notice expressly im-

puted by statute, as the case of Miller v. Hicken, supra, involved no other kind of notice.

3. There is nothing worthy of special consideration in the point that the findings of fact are not justified by the evidence, as the evidence strongly tended to prove all the material allegations of the complaint, and, as to the ground of divorce, much of it may be deemed direct.

4. It is contended that the court erred in denying defendant's motion for a continuance, on the ground that defendant was sick and unable to attend court, made, when the case was called for trial, upon the following certificate: "This is to certify that Mrs. M. E. Gainsley is suffering from nervous prostration, complicated with gastritis, and is not able to leave her room. H. H. Look." The motion was objected to on the ground that the showing of sickness was insufficient. Thereupon the court called attention to absence of any evidence that H. H. Look was a physician, and asked who he was, to which defendant's attorney answered that he did not know, and that he did not know whether Mr. Look was a physician or not. Thereupon the court denied the motion, and no exception was taken. The trial then proceeded, and, after the pleadings were read, defendant's attorney offered to prove that Mr. Look was a regular physician, but proffered no evidence, documentary or oral, and the court ordered the trial to proceed, to which order defendant's attorney excepted, and then asked the court for a delay of twenty minutes in which to procure evidence that Mr. Look was a regular practicing physician, and also to prove the illness of the defendant, and, this being denied, he again excepted. He then offered to prove, by a witness present, Henrietta Wohl, the sickness and inability of the defendant to attend the trial. This was denied, and he again excepted. After the examination of three witnesses for the plaintiff, defendant's attorney again asked the court to continue the case on the ground of the illness of defendant, but at this time offered no evidence of such illness. The court then took a recess until 1:30 o'clock P. M., at the expiration of which defendant's attorney offered to prove by Dr. Nichols that "Mr. Look was a regular practicing physician of standing and a member of the Medical Association of Sacramento," but the court declined to hear this testimony. After the examination of two witnesses for defendant, on motion of defendant, the further trial of the case was

postponed for three days, at the expiration of which the trial was renewed, and the defendant, being present, testified in her own behalf. I think it does not appear that the court exceeded its discretionary power in denying defendant's motion for a continuance. No competent evidence of the sickness or inability of the defendant was offered, nor was the denial of the motion in the first instance excepted to. On the renewal of the motion, after a recess of an hour and a half, and without leave of the court, defendant's attorney proposed to prove by Dr. Nichols that Mr. Look was a regular practicing physician, but not that defendant was sick. As it appeared that the defendant was then in the city of Sacramento, why, during the recess, was not the certificate of Dr. Nichols or that of some other physician procured? Was Dr. Look the only physician in the city who would certify or testify to the inability of defendant to attend the trial? No delay was asked for the purpose of an examination of the defendant by any physician. The court may well have suspected that the motion was not in good faith, from the circumstances that the certificate of H. H. Look, not purporting to be that of a physician, and who was not known to be such by defendant's attorney, was the only evidence of sickness offered before the motion was first denied, and thereafter every offer made tended to confirm such suspicion. I think the order and judgment should be affirmed.

We concur: Haynes, C.; Belcher, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order and judgment are affirmed.

I concur in the judgment: Temple, J.