EATON VS. THE SUPERVISORS OF MANITOWOC COUNTY.

PLEADING: *(1) On appeal from decision of county board against claim for moneys paid on tax certificates; when complaint required.*

COUNTY BOARD OF SUPERVISORS. *(2, 3) Time and manner of acting on claims.*

APPEAL TO SUPREME COURT. *(4) Presumption in support of jurisdiction of circuit court on appeals from county board.*

APPEAL TO CIRCUIT COURT: *(4) From county board: Power of court as to appeal bond.*

STATUTE OF LIMITATIONS: ILLEGAL TAX CERTIFICATES. *(5, 6) Limitation of actions for moneys paid on illegal tax certificates: ch. 112 of 1867.*

1. On appeal to the circuit court from the decision of a county board of supervisors rejecting the whole of a claim for moneys paid the county upon certificates of tax sales alleged to have been illegal, where there is a large number of such certificates (in this case nearly two hundred), of different dates, and the claimant has merely presented to the board a list of them, he should be required by the court to *file a complaint*, classifying the certificates, and specifying the grounds on which each class is claimed to be illegal; though the failure of the court to require such a complaint may not be error, where the defendant does not appear to have been injured thereby.

2. While the board of supervisors, before acting on such a claim, may require a statement of the grounds upon which the certificates are claimed to be illegal, its failure to do so does not affect its jurisdiction.

3. Ch. 160 of 1868 (Tay. Stats., 301, §§ 45–49), is not to be construed as prohibiting the county board of supervisors, at any meeting thereof, from acting upon accounts against the county which are not filed with the clerk until *after the first day of such meeting.*

4. Upon appeal to this court from the judgment of the circuit court, if the bond given by the claimant on his appeal from the board of supervisors does not appear in the record here, it must be *presumed*, in support of the jurisdiction and rulings of the circuit court, that a proper bond was given. And if such bond, as given, is imperfect, *it seems* that the circuit court may allow a proper bond to be filed.

5. The six-year limitation of ch. 112 of 1867 runs *in favor of a county* in actions to recover sums paid to it upon illegal tax certificates. *Baker v. Supr's of Columbia Co.*, 39 Wis., 444.

6. Said ch. 112 was published and became a statute in April, 1867; but, by the terms of sec. 3, its effect was postponed until January 1, 1868. *Held*, that the purpose and effect of this provision was to prevent the bar of the

statute taking effect upon rights of action which had accrued prior to January 1, 1862, against the county on tax certificates, until January 1, 1868; and that this allowed a *reasonable time* for commencing actions in such cases.

APPEAL from the Circuit Court for *Manitowoc* County.

At the annual session of the defendant board of supervisors in 1874, and on the third day of such session, the plaintiff filed with the clerk of such board three schedules of tax certificates, with the following caption to each: "List of illegal tax certificates presented by *R. P. Eaton.*" To each list was appended a verification in due form. In separate columns these lists show the number of each certificate, the date of sale, the description of land sold, the sum for which the same was sold, the interest on such sum, and the total amount of purchase-price and interest; but they fail to show the grounds upon which the certificates are claimed to be illegal.

The board of supervisors treated these lists as a claim by *Mr. Eaton* against the county for the amounts therein mentioned, acted upon them as such, and rejected the whole claim. *Mr. Eaton* thereupon appealed to the circuit court from such determination of the board. That court refused to require him to file a complaint, but allowed the defendant board to answer, 1. A general denial; and, 2. That the plaintiff's cause of action did not accrue within six years. It was proved, on the trial, that all or nearly all of the tax certificates described in the lists were issued to the county, and some of them were transferred by the county, December 7, 1861; others were so transferred September 29, 1862; and still others in 1866 and 1867. The cause was tried without a jury, and the court found generally that all of the certificates included in such lists were illegal, and rendered judgment for the plaintiff for the aggregate amount thereof, principal and interest.

The defendant appealed from the judgment.

The cause was submitted for the appellant on the brief of *W. H. Seaman*:

1. The county board had no jurisdiction, because plaintiff failed to file his claim on the first day of its session. Tay. Stats., 301, §§ 45, 46. They having no jurisdiction, the circuit court acquired none. *Pelt v. Pelt*, 19 Wis., 196; *Supervisors v. Supervisors*, 24 id., 594. Even if in time, such claim was not sufficient in form to meet the statutory requirements. It was not stated as an account against the county, nor was the "nature of each item" specified. R. S., ch. 13, sec. 37.   2. No proper appeal bond was filed, to give the circuit court jurisdiction. Tay. Stats., 302, § 53; *Brown v. Pratt*, 4 Chand., 32; *Clark v. Miles*, 2 id., 94; *Pelton v. Blooming Grove*, 3 Wis., 310; *Pratt v. Brown*, 4 id., 188; *Clark v. Bowers*, 2 id., 123; *Chinnock v. Stevens*, 23 id., 396.   3. There is no specific finding of facts to support the judgment, and what appears so stated is a conclusion of law. *Demming v. Weston*, 15 Wis., 236; *Smith v. Lewis*, 20 id., 353.   4. The claims were barred by limitation. Ch. 112, Laws of 1867; *Baker v. Supervisors*, 39 Wis., 444.   5. The statute which created a liability on the part of the county in such cases as this (Laws of 1859, ch. 22, sec. 26), was repealed by ch. 68, Laws of 1870, and the rule at common law is against recovery. Cooley on Taxation, 329, note 1, and 572; *Lynde v. Melrose*, 10 Allen, 49; *Packard v. New Limerick*, 34 Me., 266; *Jencks v. Wright*, 61 Pa. St., 410, 414; *People v. Aud. Gen'l*, 30 Mich., 12.

*R. P. Eaton*, respondent, in person, contended, 1. That the judgment should not be reversed for defective findings of fact, if it was supported by the evidence. 28 Wis., 103; 26 id., 473, 514.   2. That his claim was presented in the form of a verified statement in writing, as required by § 45, ch. 18, Tay. Stats.; that the restrictive clause of § 46, providing that all claims shall be filed as early as the first day of the session, is directory merely, as was held in respect to the provisions of § 50, relative to the form of statement of such claims, in *Parker v. Supervisors*, 1 Wis., 414; and that defendant, being an auditing board with *quasi* judicial powers, and having taken

Eaton vs. The Supervisors of Manitowoc County.

up and rejected plaintiff's claim after a hearing, had waived any irregularity as to time of filing. 14 Wis., 258, 318; 15 id., 61 and 545; 18 id., 161; 27 id., 488, 498 and 558; 5 id., 259; 1 id., 414; 1 Wait's Pr., 47. 3. That, no specific objection to the bond having been taken below, none could be raised here. 15 Wis., 533. 4. That the proviso in the statute of limitations applicable to the case (ch. 112, Laws of 1867), took certain cases out of its operation, and, in pleading the statute, should have been negatived. 21 Wis., 273; 1 Chitty's Pl., 223. A party pleading the statute, must state facts showing himself to be within it. 2 Wait's Pr., 430; 15 Wis., 55; 17 id., 174; 4 id., 249; 13 id., 549. A mere statement of *non accrevit* is a conclusion of law, and, if sanctioned by usage, is so only where the declaration contains a statement of facts showing that plaintiff's right has accrued within six years, in which case it amounts to a denial of a material fact. In this case the complaint fails to show *when* plaintiff's claim accrued; hence defendant's plea was defective; it could derive no benefit therefrom. 9 Wis., 229, 240; 7 id., 532; 10 id., 371; 13 id., 549; 11 id., 230. Moreover, the statute commenced to run only from the time of the discovery by the claimant of facts rendering the certificates invalid (*Hutchinson v. Supervisors*, 26 Wis., 402; *Baker v. Supervisors*, 39 id., 444); and in this case no such discovery prior to the time of commencing the action was shown.

LYON, J. A large mass of testimony is returned in the record, tending to show that the tax certificates on which the plaintiff's claim is predicated, were, for various causes, illegally issued. There are nearly two hundred of these certificates, and the court did not require the plaintiff to classify them and specify the grounds on which each class is claimed to be illegal. While the failure to do so probably was not error, inasmuch as the county does not seem to have been prejudiced thereby, yet the court should have required the plaint-

iff to file a complaint specifying the grounds of his claim with reasonable certainty. The deficiency is not supplied in the finding of the court. The record discloses no specific findings of fact, but only that the taxes on the lands described in the tax certificates had not been legally assessed thereon, and that said lands were not legally sold. It only appears inferentially that the court found that the plaintiff was the owner of any of such certificates, and his ownership thereof was disputed on the trial. We cannot undertake to supply proper findings. That is the duty of the circuit court. We shall only determine such material questions of law as the record presents, and leave that court to determine the facts and apply the law thereto.

I. The jurisdiction of the board of supervisors to act upon the claim is denied, for the alleged reasons that the claim was not presented in due time and was not in proper form.

We think that ch. 160, Laws of 1868 (Tay. Stats., 301), was not intended to prohibit, and does not prohibit, the county board of supervisors, at any meeting thereof, from acting upon accounts against the county which are not filed with the clerk until after the first day of such meeting. To hold otherwise would require a very strict construction of the statute, and one which might result in much inconvenience, perhaps injustice, without any corresponding public benefit.

As to the form of the account or claim. It would have been more satisfactory, had the grounds been stated therein upon which the certificates were claimed to be illegal; and no doubt the board might lawfully have required such a statement before acting upon the claim. But it did not, and we think the failure to do so does not affect the jurisdiction of the board over the matter.

II. It is assigned for error affecting the jurisdiction of the circuit court, that the bond given by Mr. Eaton, on his appeal from the disallowance of his claim by the board of supervisors, is fatally defective; and a bond is inserted in the print-

ed case which is defective. But we do not find in the record the bond given on that appeal; and we must presume, in support of the jurisdiction and rulings of the circuit court, that a proper bond was given. If, however, such bond is imperfect, no good reason is perceived why the circuit court should not allow a proper bond to be filed.

III. This case was decided by the circuit court before this court had decided *Baker v. The Supervisors of Columbia Co.*, 39 Wis., 444; and the learned circuit judge very naturally and properly followed the intimation in *Wolff v. The Supervisors of Sheboygan Co.*, 29 id., 79, to the effect that the limitation act of 1867 (ch. 112) does not run in favor of a county in actions like this. We must, however, apply the rule of *Baker v. The Supervisors*, and it is not the fault of the circuit judge that it leads to a reversal of his judgment.

Ch. 112, Laws of 1867, was enacted and published in April of that year, and thereby became a statute of the state. By the third section, its effect was postponed until January 1, 1868. The purpose of the legislature doubtless was, to give holders of tax certificates issued or transferred by a county before January 1, 1862, until January 1, 1868, to commence actions thereon, and to bar them after that time; and to bar actions on certificates issued or so transferred after January 1, 1862, after the expiration of six years from the day of sale or transfer. We think the statute accomplishes such purposes as effectually as though it had so enacted in terms. We think also that a reasonable time elapsed after the passage of that act and before the bar of the statute took effect, that is, before January 1, 1868, for holders of certificates upon which rights of action had accrued prior to January 1, 1862, to commence actions thereon.

It follows from these views, that the bar of the statute has attached to all of the certificates in suit which were transferred by the county before November 10, 1868. Inasmuch as the judgment includes the amount of certificates transferred be-

fore that date, it must be reversed for that reason, if for no other. For reasons before indicated, we do not think we ought, on this record, to pass upon the other questions presented in the assignment of errors. If the judgment includes (as is claimed) certificates which *Mr. Eaton* failed to prove that he owned, the circuit court will correct the error.

*By the Court.* — Judgment reversed, and cause remanded for further proceedings according to law.