## WHEELOCK v. GODFREY et al.

### No. 15,234; December 28, 1893.

#### 35 Pac. 320.

Findings—Definiteness.—A Finding That All the Averments of a complaint, down to and including a certain averment, are true, is sufficiently explicit.

Gift—Finding as to Undue Influence and Incompetency.—Where an attempt is made to avoid a gift on the ground of mental incompetency and undue influence, a finding that there was no incompetency or undue influence is sufficient, without finding as to the donor's physical condition or other facts stated as inducement to the ultimate facts.

Judgment.—Where One Brings an Action Against Two parties for a fund, the judgment being against him as to both, he cannot complain that it is in favor of one defendant as against the other.

APPEAL from Superior Court, City and County of San Francisco; Walter H. Levy, Judge.

Action by Almon Wheelock, executor of Albert G. Wheelock, deceased, against Arabella Godfrey and the San Francisco Savings Union, for certain money deposited in defendant bank by deceased. Judgment for defendants. Plaintiff appeals. Affirmed.

Clunie & Clunie and H. C. Campbell for appellant; William Barber for respondents.

SEARLS, C.—This is an appeal by plaintiff from a final judgment in favor of defendants. The cause comes up on the

judgment-roll, and, as the appeal was not taken within sixty days after the entry of judgment, the appeal must be determined upon the questions presented by the pleadings, findings and judgment. An appeal from an order denying a new trial in the same case this day decided (100 Cal. 578, 35 Pac. 317) contains a sufficient reference to the facts in the case, and they will not be repeated here.

The first finding is to the effect that all the allegations of plaintiff's complaint, from the commencement thereof down to and including the averment that the moneys referred to in the complaint, viz., $7,045.89, were still in charge of the defendant bank, are true. It is objected to this finding that it is impossible to determine from it the averments found true and those not sustained. It is as comprehensive and explicit as the complaint to which it refers, and, as it finds all the averments of the complaint true down to and including a given averment, we fail to see any difficulty in determining precisely what the court means. The averments thus found true may be epitomized as follows: Defendant Arabella D. Godfrey is a widow; the other defendant is an incorporated savings bank. On the 1st of October, 1888, Albert G. Wheelock (plaintiff's testator) had deposited $7,045.89 in the bank for loaning and safekeeping, and had received in evidence thereof a bank-book, in which he was credited for the amount as a deposit. On or about October 1, 1888, defendant Godfrey presented to the bank this deposit-book, with an assignment thereof in writing, purporting to be executed by Wheelock, assigning the said money and account, and demanded a transfer and delivery to her of said moneys. The bank, in pursuance of said demand, transferred to her credit on its books the amount, and gave her a deposit-book, crediting her therein for the amount. The money has not been drawn from the bank, and it is still in its charge and custody. The court then proceeds to find at length, what need only be referred to briefly, that on October 1, 1888, the said instrument of transfer was signed, executed and delivered by Wheelock to defendant Godfrey, and that, when so executed and delivered, he was not of weak or unsound mind, or mentally incompetent to make the transfer, but was of sound mind, and competent to make such transfer; that the assignment was not procured by or through undue influence or control by Godfrey over Wheelock,

nor by any unfair advantage, nor by any advantage taken of the mental or physical weakness or unsoundness of mind of Wheelock; that he was not induced to sign the assignment or transfer by any fraud or undue influence of defendant Godfrey or anyone else; that the assignment and delivery were not procured by duress, fraud or undue influence, etc., by Godfrey or anyone else; that Wheelock was free from fraud, duress, menace or undue influence at the time and in the matter of the making, signing and delivery of said assignment. The court then finds the allegations of the complaint in reference to the death of Wheelock, his last will, and proceedings had thereunder as true.

These findings cover all the material issues in the case. It was not necessary to find whether or not Wheelock had been ill or paralyzed, or as to his physical condition, or any other fact stated in the complaint, merely as inducement to the ultimate facts, which were that he was mentally incompetent, and that defendant Godfrey knowingly· and fraudulently took advantage of his weakness, and, by undue influence, by duress, and by obtaining control over him, induced and procured him to sign, execute and deliver to her an assignment of his bankbook and of the money in bank. The findings are full and complete on the material issues. The objection to that portion of the judgment which awarded the money in bank to defendant Godfrey, as against the bank, is not open to attack by this appellant, who was plaintiff in the court below. The judgment is against plaintiff and in favor of both the defendants as to him. If he was not entitled to it, manifestly he is not, and cannot be, injured by any judgment in the premises awarding it, as between the defendants. That is not his affair, but theirs. The judgment appealed from should be affirmed.

We concur: Belcher, C.; Haynes, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment appealed from is affirmed.