HENRY H. WALKER

*v.*

THE PEOPLE *ex rel.* S. B. Raymond, County Treasurer.

*Opinion filed February 18, 1903—Rehearing denied April 10, 1903.*

1. SPECIAL ASSESSMENTS—*objections not available on application for sale.* No objection to a special assessment can be urged on application for judgment of sale which could have been made at confirmation or which does not go to the jurisdiction of the court to confirm the assessment.

2. SAME—*objection that ordinance is void goes to the jurisdiction.* If an assessment ordinance shows upon its face that it is unauthorized by statute, or fails to show an attempt to comply with some statute, the defect may be taken advantage of on application for judgment of sale, since the ordinance is void and the court was without jurisdiction to enter judgment of confirmation.

3. SAME—*objection that no grade ordinance exists is not available on application for sale.* If an ordinance provides that a pavement shall be laid at established grade, "as shown by an ordinance fixing the grade of said street, now on file in the office of the city clerk," an objection that no such grade ordinance is in existence would be good if made at confirmation but is not available upon application for judgment of sale. (*Craig* v. *People,* 193 Ill. 199, distinguished.)

4. SAME—*section 56 of Improvement act is not retroactive.* Section 56 of the Local Improvement act of 1897, providing that a lien upon property assessed shall only continue for five years, does not apply to a special assessment confirmed before the act was passed, so as to bar an application for sale begun more than five years after confirmation.

5. LIMITATIONS—*limitation statute not ordinarily given retrospective effect.* The legislature may change statutes of limitation so long as they merely affect the remedy and do not infringe the obligation of contract, but such statutes will not be given retrospective effect unless it clearly appears that the legislature so intended.

APPEAL from the County Court of Cook county; the Hon. ORRIN N. CARTER, Judge, presiding.

On February 13, 1897, a judgment was entered by the county court of Cook county confirming a special assessment for curbing, filling and paving South Hamilton avenue from the south line of Archer avenue to the north curb line of Thirty-seventh street, in the city of Chicago.

At the July term, 1902, of the same court, the county collector made application for a judgment and order of sale against property of the appellant included in that assessment upon which the assessment had not been paid. On the hearing appellant filed several objections, each of which was overruled and a judgment entered as prayed. He now prosecutes this appeal, and urges as reversible error the action of the court below in overruling two of his objections: First, that the ordinance under which the assessment was made is void, for the reason that it provides that the improvement shall be laid "to conform to the established grade of said South Hamilton avenue between said points, as shown by an ordinance fixing the grade of said street, now on file in the office of the city clerk," when, as a matter of fact, no ordinance fixing the grade of the street was in existence; second, that this application for a judgment is barred by the Statute of Limitations.

TAYLOR & MARTIN, for appellant:

An ordinance for a street improvement which provides that a pavement shall be laid to conform to the established grade of the street, as shown by an ordinance fixing the grade of said street, "now on file in the office of the city clerk," is fatally defective if no such ordinance is in existence. *Railway Co.* v. *Chicago*, 174 Ill. 439; *Brewster* v. *Peru*, 180 id. 126; *Craig* v. *People*, 193 id. 199.

The judgment of confirmation is subject to collateral attack when the record does not show a valid judgment. *Boynton* v. *People*, 155 Ill. 66; *Clark* v. *Chicago*, id. 223; *Railway Co.* v. *People*, 189 id. 119.

Where an assessment is confirmed upon default, the presumptions arising from the recitals of the record are that the ordinance and proceedings were held sufficient on their face, and not that they were found sufficient after the hearing of extrinsic evidence. *Kuester* v. *Chicago*, 187 Ill. 21; *Kelly* v. *Chicago*, 193 id. 324.

The judgment of confirmation of an assessment is a lien upon the property assessed from the date thereof for a period of five years. Laws of 1897, par. 56, p. 121.

The Local Improvement act of 1897 is retroactive in its application to judgments of confirmation entered before its passage. Laws of 1897, par. 99, p. 135; *Gross* v. *People,* 193 Ill. 260; *Railroad Co.* v. *Guthrie,* 192 id. 579.

A sale made after a lien for judgment has expired is void. *Tenney* v. *Hemenway,* 53 Ill. 97; *Cromwell* v. *Watkins,* 71 id. 283.

A statute changing a judgment lien may apply to preexisting judgments, and the lien may be destroyed or its duration shortened. Freeman on Judgments, (4th ed.) par. 342; *Templeton* v. *Horne,* 82 Ill. 491; *Williams* v. *Waldo,* 3 Scam. 264; *Smith* v. *Ryan,* 34 Ill. 364.

The legislature is primarily the judge of what is a reasonable time for enforcing a judgment lien. The court will pass upon the act of the legislature, and if the law is silent upon the subject will fix the time. *Anderson* v. *Terry,* 96 U. S. 628; *Drury* v. *Henderson,* 143 Ill. 315; *Culbreth* v. *Downing,* 121 N. C. 205.

WILLIAM M. PINDELL, (CHARLES M. WALKER, and. EDGAR BRONSON TOLMAN, of counsel,) for appellee:

No objection to an assessment which does not go to the jurisdiction of the court, and which could have been made at the time of the confirmation proceedings, can be urged to the county treasurer's application for judgment of sale to enforce payment. *Johnson* v. *People,* 189 Ill. 83; *Blount* v. *People,* 188 id. 538; *Leitch* v. *People,* 183 id. 569; *Gross* v. *People,* 172 id. 571; *Walker* v. *People,* 169 id. 473; *Pipher* v. *People,* 183 id. 436; *McManus* v. *People,* id. 391; *People* v. *Markley,* 166 id. 48; *Steenberg* v. *People,* 164 id. 479; *People* v. *Talmadge,* 194 id. 67; *Vandersyde* v. *People,* 195 id. 200; *People* v. *Whidden,* 191 id. 374.

Limitation laws do not run against municipal corporations when acting in their capacity in the discharge of

public duties. *County of Piatt* v. *Goodell*, 97 Ill. 84; *Trustees of Schools* v. *Arnold*, 58 Ill. App. 103; *Greenwood* v. *LaSalle*, 137 Ill. 225.

Even if a special assessment has ceased to be a lien, an application can be made thereon for a judgment and order of sale. *People* v. *Atchison*, 95 Ill. 452.

The city acts as trustee between the property owner and contractor in the collection and disbursement of special assessment funds; and this duty may be enforced by *mandamus*, and is a continuing one, which rests upon the city until discharged. *People* v. *Pontiac*, 185 Ill. 437.

Statutes, though enacted in proper form and otherwise unobjectionable, are void if they impair the obligation of contracts. While the remedy may be changed by statute, yet the remedy substituted must be substantially equivalent in coercive force to that provided by law when the obligation was contracted. *Homer* v. *People*, 96 Ill. 58; *Board of Education* v. *Blodgett*, 155 id. 441; 15 Am. & Eng. Ency. of Law, (2d ed.) 1040, 1052; *Memphis* v. *United States*, 97 U. S. 293; *Fullerton* v. *Bank*, 1 Pet. 604; *Bronson* v. *Kinzie*, 1 How. 311; *VonHoffman* v. *Quincy*, 4 Wall. 535; *Walker* v. *Whitehead*, 16 id. 314.

If a remedy is changed by statute, a reasonable time must be given to enforce rights of action which accrued under the former law. *Spaulding* v. *White*, 173 Ill. 127.

Mr. Justice Wilkin delivered the opinion of the court:

The first objection would undoubtedly have been good, under the proofs in this case as to the non-existence of a grade ordinance, had it been urged on the application for a confirmation of the assessment. (*Chicago and Northern Pacific Railroad Co.* v. *City of Chicago*, 174 Ill. 439; *Brewster* v. *City of Peru*, 180 id. 124; *Craig* v. *People*, 193 id. 199.) The question here is whether or not the objection is available in this collateral proceeding, and upon the authority of our repeated decisions that question must be answered in the negative. No objection to an assess-

ment which does not go to the jurisdiction of the court, and which could have been made on the application for confirmation of the assessment, can be urged against the county collector's application for judgment of sale. We said in *Gage* v. *Parker*, 103 Ill. 528 (on p. 536): "If the assessment was illegal from the fact that it was based upon an insufficient ordinance, it was the duty of the complainant in the bill to appear before the county court when the application was made to confirm the assessment and there make the objection, but as he has failed to do so, this judgment of the county court, when called in question collaterally, must be regarded as conclusive." See, also, *Clark* v. *People*, 146 Ill. 348; *Steenberg* v. *People*, 164 id. 478; *People* v. *Colvin*, 165 id. 67; *Hull* v. *People*, 170 id. 246.

Where an ordinance upon its face shows that it is unauthorized by the statute or fails to show an attempt to comply with some positive requirement of the statute, advantage may be taken of such defect upon an application for judgment of sale, because in such cases the ordinance is absolutely void, and a valid ordinance being essential to the validity of every special assessment for a local improvement, the county court is without jurisdiction to confirm the assessment. (*Culver* v. *People*, 161 Ill. 89; *Cass* v. *People*, 166 id. 126; *Walker* v. *People*, 169 id. 473; *Hull* v. *People, supra; Gross* v. *People*, 172 Ill. 571.) It is not denied in this case that the ordinance under which the improvement was made was valid upon its face. The objection is, that it is defective only in the description of the improvement. That defect did not render it absolutely void. As was said in *Steenberg* v. *People, supra:* "The ordinance, affidavit of posting notices, certificate of publication, assessment roll and all proceedings were on their face proper and sufficient, and fulfilled every condition requisite in the law to confer jurisdiction on the county court. In such a case we cannot assent to the claim that the ordinance was a nullity and the assess-

ment and judgment of the county court void because there was a misdescription of the improvement." Nothing appeared upon the face of the proceedings, on the application for confirmation, to show a want of jurisdiction in the county court to make that order, nor is it pretended that the objection now urged could not have been made at that time. Therefore, by the very terms of the statute, it should have been made then and comes too late now.

Reliance is placed by counsel for appellant upon the case of *Craig* v. *People*, 193 Ill. 199, as sustaining their position that this particular objection can be availed of upon this application. The case is not in point. That was a proceeding under the Sidewalk act of 1875, and the property owner had no opportunity to be heard until the application for judgment of sale. *Biggins' Estate* v. *People*, 193 Ill. 601.

We are also of the opinion that the second objection was properly overruled. The argument in support of it is, that inasmuch as section 56 of the act of 1897 (Hurd's Stat. 1899, p. 389,) provides that a lien upon property assessed shall only continue for a period of five years, and as no valid sale can be made upon a judgment after it has ceased to be a lien, the statute operates by way of limitation and bars this action. As shown above, the judgment of confirmation was entered on February 3, 1897. The act relied upon as creating the bar did not take effect until July 1 of that year. Therefore, unless section 56, *supra*, is given a retrospective effect, it can in no view of the case be availed of as a bar to this proceeding. Counsel for appellant seem to concede this, but say that by the provisions of section 99 of the same act of 1897, and upon the authority of *Gross* v. *People*, 193 Ill. 260, and *Chicago and Western Indiana Railroad Co.* v. *Guthrie*, 192 id. 579, the statute is retrospective. The 99th section referred to is directly opposed to the position sought to be maintained. It provides that "all acts, and

parts of acts, in conflict with this act, are hereby repealed: *Provided,* that the laws subsisting at the time of the taking effect of the Local Improvement act of June 14, 1897, shall continue to apply to all proceedings for the condemnation of lands, or the confirmation of special assessments or special taxes for local improvements, which were pending in any court in this State at the time of the taking effect of the Local Improvement act of June 14, 1897."

In *Gray* v. *Town of Cicero,* 177 Ill. 459, we held that the act of 1897 did not apply to proceedings pending under article 9 of the City and Village act at the time the former act took effect, and that a proceeding was pending where the petition was filed and the commissioners appointed June 30, 1897. (See, also, *Yaggy* v. *City of Chicago,* 194 Ill. 88.) *Chicago and Western Indiana Railroad Co.* v. *Guthrie,* 192 id. 579, and *Gross* v. *People,* 193 id. 260, cited by counsel for appellant as holding otherwise, have no application whatever to the question. This proceeding was begun under the statute of 1872, and had proceeded to a final judgment of confirmation before the passage of the act of 1897. Section 34 of the former act provides that the judgment confirming a special assessment shall be a lien upon the property assessed from the date thereof until payment shall be made. (1 Starr & Cur. Stat. p. 769.) It is difficult to see how, even in the absence of the proviso to the repealing clause in section 99 of the act of 1897, it could be held that section 56, which simply limits the lien of the judgment to five years, could be given a retrospective effect, so as to take away from the city its right to enforce the collection of this judgment.

The power of the legislature to change statutes of limitation so long as they merely affect the remedy and do not infringe upon the obligations of contracts is undoubted, but it is a well settled rule that such statutes will not be given a retrospective effect unless it clearly appears that the legislature so intended. Thompson, in

his work on Limitation of Actions, (p. 28,) uses this language: "There is another rule that must be borne in mind in reference to all statutes, which is, that they are to be so construed as to have a prospective effect merely, and will not be permitted to affect past transactions unless such intention is clearly and unequivocally expressed; and under this rule, a change in the Statute of Limitations would not affect existing claims unless such is clearly the intention of the legislature; and especially would this be the case where actions are pending upon such claims when the statute is passed." In the absence of the proviso to section 99 there is nothing whatever in the latter statute to show a legislative intent to give the section limiting the lien to five years a retrospective effect, and section 99 clearly shows that such was not the intention. We deem it unnecessary, in this view of the case, to consider other points raised by counsel for the city in their argument in support of the rulings of the court below upon this objection.

The judgment of the county court will be affirmed.

*Judgment affirmed.*