[Civil No. 796.   Filed March 26, 1904.]

[76 Pac. 612.]

JOSEPH CURTIS et al., Defendants and Appellants, v. BOQUILLAS LAND AND CATTLE COMPANY, a Corporation, Plaintiff and Appellee.

1. FINDINGS—FACT MINGLED WITH CONCLUSIONS OF LAW—NOT REASON FOR REVERSAL.—While the finding that ''the plaintiff and its predecessors and grantors in interest . . . have been, and the plaintiff still is, the owner and entitled to the possession of the lands and premises,'' appears in the findings as a conclusion of law, it is a statement of an ultimate fact, and not ·a mere conclusion of law, and ownership being one of the ultimate facts to be found under the issues, the fact that the finding appears among the conclusions of law is not a sufficient reason for reversing the judgment.

2. SAME—SUFFICIENCY—ON ISSUE OF OWNERSHIP.—A finding that plaintiff and its predecessors in interest, since a certain date, have been, and that plaintiff still is, the owner and entitled to possession of lands, is sufficient in an action to recover land to sustain a judgment for plaintiff on the issue of ownership.

3. STATUTES OF LIMITATIONS—CONSTRUCTION—RETROACTIVE OPERATION —INTENT OF LEGISLATURE—MUST CLEARLY APPEAR.—New statutes of limitations upon causes of action existing at the time the statutes go into effect will not be given a retroactive effect unless it clearly appears that the legislature so intended.

4. SAME—SAME—REV. STATS. ARIZ. 1901, PARS. 2938, 2974, 4243, CONSTRUED.—Paragraph 2974, *supra,* provides: ''No one of the provisions of this title shall be so construed as to revive any claim which is barred by pre-existing laws; and all claims against which limitations under said laws had commenced to run, shall be' barred by the lapse of time which would have barred them had those laws continued in force.'' Paragraph 4243, *supra,* provides: ''When a limitation or period of time prescribed in any act herein repealed for acquiring a right or barring a remedy or for any purpose has begun to run before this act takes effect and the same or any limitation is prescribed in any act passed at this session of the legislature the time which has already run shall be deemed part of the time prescribed as such limitation by any act passed at this session of the legislature.'' *Held,* that these paragraphs obviously refer to the repeal of existing statutes and the enactment of new statutes upon the same subject, and have no bearing upon new legislation where none previously existed, as in the case of paragraph 2938, *supra,* which forms a part of the same act, and for the first time provides a limitation on actions for the recovery of lands adversely held by another.

5. STATUTE OF LIMITATIONS—NOT RETROACTIVE—REV. STATS. ARIZ. 1901, PAR. 2938, CONSTRUED.—Paragraph 2938, *supra,* providing that actions to recover lands in the adverse possession of another shall be begun within ten years next after the accrual of the right of action, being the first statutory enactment limiting actions for the recovery of real property against persons holding adversely, and having no retroactive force, has no application to an action begun before the section took effect, and while no statute of limitations as to such actions was in force.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Cochise. Fletcher M. Doan, Judge. Affirmed.

On rehearing. For former opinion, see 8 Ariz. 258, 71 Pac. 924.

Affirmed. Opinion, *Herrick et al.,* v. *Boquillas Land and Cattle Co.,* 200 U. S. 96, 50 L. Ed. 388.

The facts are stated in the opinion.

Ben Goodrich, for Appellants.

English & Bowman, and Francis J. Heney, for Appellee.

For briefs, see 8 Ariz. 258, 71 Pac. 924.

SLOAN, J.—Upon the petition of appellants, a rehearing was granted in this case at the last term of the court. The grounds stated in the petition were two: 1. That the findings show that the appellee acquired its title to the property in controversy subsequent to the date of the commencement of the action; and 2. That the findings show that the appellants had held adverse possesion of the lands in controversy for a period exceeding ten years, and that therefore appellee's right of action was barred under paragraph 2938 of the Revised Statutes of 1901.

Under the first ground, counsel for the appellants calls attention to the finding "that on the twenty-fourth day of December, 1901, the said W. R. Hearst and Phœbe A. Hearst, by deed in writing, conveyed all of their said interests in and to the lands and premises to the plaintiff herein." The complaint was filed on the twenty-sixth day of August, 1901. It would therefore appear from the finding that the appellee acquired his interest in the land subsequent to the bringing of the action. An examination of the original transcript on appeal discloses that in the findings signed by the trial court the date appears as the third day of July, 1901. In the abstract of the transcript, by mistake, the latter date appears to have been changed to that of the twenty-fourth day of December, 1901.

It is further pointed out that the finding referred to in the opinion of the court upon the first hearing, that "the plaintiff and its predecessors and grantors in interest since the 1st day of January, 1875, had been, and the plaintiff still is, the owner and entitled to the possession of the lands and premises," appears in the findings as a conclusion of law, and it is argued that it cannot, therefore, be regarded as a finding of fact. As it reads, it is a statement of an ultimate fact, and not a mere conclusion of law. That it appears

among the conclusions of law is unimportant, and is certainly an insufficient reason for reversing the judgment. *Burton* v. *Burton,* 79 Cal. 490, 21 Pac. 847; *Sears* v. *Dixon,* 33 Cal. 326. Ownership was one of the ultimate facts to be found under the issues, and the finding quoted is sufficient to sustain the judgment in this behalf. *Moore* v. *Clear Lake Water Works,* 68 Cal. 146, 8 Pac. 816; *Wheelock* v. *Godfrey,* 100 Cal. 578, 35 Pac. 320.

The defendants pleaded the several statutes of limitations pertaining to actions for the recovery of land in bar of the action. One of these pleas, by a liberal construction, comes within the provisions of paragraph 2938 of the Revised Statutes of 1901. This paragraph was incorporated into our laws by the revision of 1901, and took effect on the first day of September, 1901. Prior to its adoption there was no statute of limitations in this territory barring a right of action for the recovery of lands by one claiming title against another holding by peaceable and adverse possession merely. One of the findings reads as follows: "That each and every of said defendants in this cause were, on the fourteenth day of December, 1900, and had been for more than ten years next preceding that date, occupying various portions of the said lands and premises, and each and every of the said defendants who appear herein and also those of said defendants who have failed to appear and answer herein, have, since the last-named date withheld possession of divers portions of said lands and premises from the plaintiff and its grantors and predecessors in interest, and still and now so withhold the same." It is urged that this finding brings the case within the limitation prescribed by paragraph 2938. Were we to hold, which we do not, that its effect is to show peaceable and adverse possession by the appellants for the period of ten years, the question is presented whether the statute applies to this case. Upon few, if any, branches of the law, is there such a contrariety of view expressed by the courts as upon the effect to be given new statutes of limitations upon causes of action existing at the time the statutes go into effect. The general rule applied to such statutes is that they will not be given a retroactive effect unless it clearly appears that the legislature so intended. *Ogden* v. *Saunders,* 12 Wheat. 213, 6 L. Ed. 606; *United States* v.

*Heth*, 3 Cranch, 399, 2 L. Ed. 479. The supreme court of the United States, in *Sohn* v. *Waterson*, 17 Wall. 596, 21 L. Ed. 737, held that a statute which absolutely bars causes of action existing at the time of its passage is unconstitutional. It was further held that to avoid such a result, and to give such a statute "a construction that would enable it to stand, courts have given it a prospective operation." In the case of *Terry* v. *Anderson*, 95 U. S. 632, 24 L. Ed. 365, it was held that a statute of limitations which by its terms affects rights of action accrued at the time of its passage is not unconstitutional, provided a reasonable time be given for the commencement of the suit before the bar takes effect, and that the question of reasonable time is one primarily for the legislature to determine. In the case of *Wrightman* v. *Boone County*, (C. C.) 82 Fed. 413, it was held that a statute which by its terms embraces causes of action which have accrued prior to its enactment, but which is made to take effect at a future date, is to be construed as requiring actions which will be barred by the new statute upon its taking effect to be begun before the date fixed when it is to go into effect, and as giving due notice that such actions would be barred if not begun within that period. Mr. Justice Cooley, in *Price* v. *Hopkin*, 13 Mich. 318, criticised this rule as being unsound, for the reason that, in effect, it was making the statute perform its office before it took effect. As pointed out by the court in the Wrightman case, the weight of authority is in favor of the rule as above stated. *Duncan* v. *Menard*, 32 Minn. 460, 21 N. W. 714; *Eaton* v. *Supervisors*, 40 Wis. 673; *Smith* v. *Morrison*, 22 Pick. 430.

The only expressions which throw light upon the construction to be given new statutes of limitations as affecting existing causes of action are found in paragraphs 2974 and 4243, Revised Statutes, 1901. The former reads: "No one of the provisions of this title shall be so construed as to revive any claim which is barred by pre-existing laws; and all claims against which limitations under said laws had commenced to run shall be barred by the lapse of time which would have barred them had those laws continued in force." The latter paragraph reads: "When a limitation or period of time prescribed in any act herein repealed for acquiring a right or barring a remedy or for any purpose has begun to run before

this act takes effect and the same or any limitation is prescribed in any act passed at this session of the legislature the time which has already run shall be deemed part of the time prescribed as such limitation by any act passed at this session of the legislature.'' These paragraphs obviously refer to the repeal of existing statutes and the enactment of new statutes upon the same subject, and have no reference to new legislation where none previously existed, and therefore have no bearing upon the construction to be given said paragraph 2938. It was held in the case of *Vreeland* v. *Town of Bergen,* 34 N. J. L. 438, that an act which merely limited the time within which an action may be brought does not apply to a suit which, though commenced after the passage of the act, was pending at the time the same took effect. The logic of this rule is apparent, particularly when applied to a case like the one at bar, where the action was begun before the act took effect, and at the time no other statute of limitations was in force as to such actions. Under no canon of construction, therefore, or rule giving a retrospective effect to new statutes of limitations, can paragraph 2938 be made to apply to the case at bar. The judgment, therefore, is sustained by the findings, and no error appears on the face of the record.

The judgment is affirmed.

KENT, C. J., and DAVIS, J., concur.