HENRY HINRICHS, Appellee, v. DAVENPORT LOCOMOTIVE WORKS et al., Appellants.

MASTER AND SERVANT: Workmen's Compensation Act—Findings of
1  Causal Connection—Conclusiveness. The finding of the industrial commissioner, on competent evidence, that causal connection exists between an injury and a resulting disability is conclusive on the courts, even though the commissioner concedes that the issue is close. (See Book of Anno., Vol. 1, Sec. 1452.)

LIMITATION OF ACTIONS: Construction—Retroactive Effect. A
2  statute of limitation will be given retroactive effect only when it

appears by express provision or necessary implication that such was the legislative intent.

**MASTER AND SERVANT:** Workmen's Compensation Act—Evidence—
3 **Ex-parte Communications.**   Ex-parte written communications are incompetent as evidence in a hearing under the Workmen's Compensation Act, but the reception in evidence of a letter which expresses the opinion of a physician as to the cause of a disability does not constitute reversible error when the findings of the commissioner are otherwise supported by competent evidence and no request for cross-examination is made. (See Book of Anno., Vol. 1, Sec. 1441.)

Headnote 1: Workmen's Compensation Acts—C. J. pp. 122, 123. Headnote 2: 37 C. J. p. 691. Headnote 3: Workmen's Compensation Acts—C. J. pp. 115 (Anno.), 124.

Headnote 2: 17 R. C. L. 683.

*Appeal from Scott District Court.*—W. R. MAINES, Judge.

JULY 1, 1927.

Action for an award under the Workmen's Compensation Law. There was a finding in claimant's favor by the committee of arbitration, the industrial commissioner, and the district court; and the employer appeals.—*Affirmed.*

*Lane & Waterman* and *G. A. Bruegger,* for appellants.

*Newport & Steffen,* for appellee.

STEVENS, J.—I.   While claimant was engaged in chipping steel with an air hammer, a piece flew off and hit him in the left eye, causing a slight cut or injury, which, it is claimed, caused a cataract to form, resulting in a total loss of sight in that eye.

Three propositions are argued by appellant: (a) That no causal connection between the injury and the disability was proven; (b) that the action is barred by the statute of limitations; and (c) that the commissioner erred in permitting appellee to introduce in evidence unsworn testimony without having given the notice required by Section 1447 of the Code of 1924.

Causal connection was found by the committee on arbitration, the industrial commissioner, and the district court. The evidence shows that the injury complained of was received

1. MASTER AND SERVANT: Workmen's Compensation Act: findings of causal connection: conclusiveness.  March 28, 1923; that appellee immediately consulted the company doctor, who examined the eye, and treated and bandaged it. Appellee further testified that he had always suffered pain in the left eye since the accident; that, about three or four months thereafter, his sight failed, and that there was always some object in front of his eyes; that, about three months previous to December 10, 1925, his left eye became inflamed, and that he consulted Dr. Hofmann, the company specialist, and an expert on diseases of the eye, in Moline, Illinois; that at that time he had lost the sight of his eye, and it was ascertained by the examination that he had a cataract, which may have been caused by the injury. Dr. Hofmann testified, on cross-examination, that, when he examined appellee in 1923, appellee had iritis. When his deposition was taken later, Dr. Hofmann testified that he did not find iritic glaucoma when he examined appellee in 1923, and not until he examined him in October, 1925. This discrepancy is sought to be explained by Dr. Hofmann.

There is considerable discrepancy in the testimony of the expert witnesses, but all agree that a cataract might result from an injury to the eye. Dr. Hofmann was firm in his opinion that the injury had nothing to do with the cataract and the consequent blindness. Some of the experts emphasize the fact that appellee's right eye is normal, and say that this would not ordinarily be true, under other circumstances. At least one of the expert witnesses testified that a cataract may result from an injury within three years, and that, if iritis is due to natural causes, and not to an injury, both eyes will be affected. The testimony of appellee that he suffered constant pain in his eye from the time of the injury must be given considerable weight on the issue of causal connection. While there is disagreement in the testimony of the expert witnesses, it was peculiarly the province of the industrial commissioner to accept the testimony of such of these witnesses as seemed to him most consistent with all the testimony, and of the greater credibility. There is sufficient evidence in the record to sustain the inference drawn by the industrial commissioner that the loss of sight in the left eye was due directly or indirectly to the injury of which he complains. It is not material that this court might, independent of

the conclusion of the commissioner, arrive at a different result.

It is true that the commissioner stated that, as he viewed the facts, the issue was close; but his finding, if based upon competent evidence, will not be disturbed on appeal. *Pace v. Appanoose County*, 184 Iowa 498; *O'Neill v. Sioux City Term. R. Co.*, 193 Iowa 41; *Herbig v. Walton Auto Co.*, 191 Iowa 394; *Flint v. City of Eldon*, 191 Iowa 845.

II. Prior to the enactment of Section 1386, Code of 1924, by the fortieth general assembly (extra session), there was no statute of limitations applicable to claims arising under the

2. LIMITATION OF ACTIONS: construction: retroactive effect.

Workmen's Compensation Law. The present statute limits the time within which original proceedings may be commenced to two years after date of the injury causing the disability. More

than two years elapsed thereafter before this action was commenced. The question, therefore, is as to the applicability of Section 1386 thereto. There is nothing in the specific language of the statute to indicate that it was the intention of the legislature that it should be given retroactive effect, nor do we find anything therein from which such intention may be implied. It is the contention of appellant that less than two years had expired from the date of the accident when the statute went into effect, and that a reasonable time, therefore, existed within which to commence the same. The authority of the legislature to make the statute applicable to the present controversy is, of course, conceded. It had full power, as stated, to give it retroactive effect. The rule apparently of almost universal application is, however, that a statute of limitations will be given retroactive effect only when it appears by express provision or necessary implication that such was the legislative intent. *Thoeni v. City of Dubuque*, 115 Iowa 482; *Succession of Serralles v. Esbri*, 200 U. S. 103 (50 L. Ed. 391); *Walker v. People ex rel. Raymond*, 202 Ill. 34 (66 N. E. 827); *State v. Mines*, 38 W. Va. 125 (18 S. E. 470); *Curtis v. Boquillas Land & Cattle Co.*, 9 Ariz. 62 (76 Pac. 612); *Friedmann v. McGowan*, 1 Penn. (Del.) 436 (42 Atl. 723); *Walker v. Burgess*, 44 W. Va. 399 (30 S. E. 99); *Fullerton-Krueger Lbr. Co. v. Northern Pac. R. Co.*, 266 U. S. 435 (69 L. Ed. 367). Section 1386 is not, therefore, applicable to the present controversy.

III. Strict rules of evidence are not to be applied in pro-

ceedings before the industrial commissioner. We have held that ex-parte affidavits are admissible, but that the opposite party should be given the right, upon request, to cross-examine the witness. The industrial commissioner permitted appellee to introduce in evidence a letter signed by Dr. W. W. Pearson, of Des Moines, stating that he had made an examination of him, and that in his opinion the cataract was the result of an injury to the eye. The objection offered was that the letter was incompetent, immaterial, and irrelevant. No request was made for cross-examination of the witness, nor was the objection based upon the provision of the statute as to the giving of notice. It may well be doubted whether notice is necessary to the introduction of rebuttal evidence. We are of the opinion that the letter was not admissible, and that it should have been given no consideration by the commissioner. This holding does not, however, necessarily entitle appellant to a reversal and a remand of the case. The letter was admitted by the commissioner, as stated by him, for what it was worth. In arriving at his conclusion, the commissioner gave considerable weight to the printed record and the finding of the arbitration committee which heard the testimony. It may readily be conceded that the issue is a narrow one, and that the evidence is not very conclusive either way. There is sufficient competent evidence, however, to, in our opinion, fairly justify the inferences drawn therefrom by the commissioner.

The judgment of the district court is affirmed.—*Affirmed.*

EVANS, C. J., and FAVILLE, VERMILION, and KINDIG, JJ., concur.

3. MASTER AND SERVANT: Workmen's Compensation Act: evidence: ex-parte communications.